UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ESSIE SIMPSON III,                    )        NO. CV 09-1825-JSL (AGR)
                                      )
              Petitioner,             )
                                      )
        v.                            )
                                      )        ORDER RE EXHAUSTION;
JOHN MARSHALL,                        )        ORDER TO SHOW CAUSE
                                      )
              Respondent.             )
                                      )
_____)

       On May 1, 2009, Petitioner filed a First Amended Petition for Writ of

Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254

("Petition").  For the reasons discussed below, it appears that Ground Two is

procedurally barred.

       The court, therefore, orders Petitioner to show cause, on or before

***December 1, 2011***, why this court should not recommend denial of Ground Two

based on procedural bar.

## I.

## SUMMARY OF PROCEEDINGS

       On July 6, 2007, Petitioner pled guilty to possession of a controlled

1   substance (PCP) and admitted a gang enhancement allegation.  (Petition at 2;

2   Answer at 1; Lodged Document ("LD") 1; LD 22 at 910.) The trial court sentenced

3   Petitioner to 3 years, 4 months in prison.  (Petition at 2; LD 22 at 912.)  The court

4   also advised Petitioner he had to register as a gang member.  (LD 22 at 913.)

5        On August 3, 2007, Petitioner filed a motion to withdraw his plea, which

6   was denied on September 14, 2007.  (LD 4, 5.)  On August 22, 2008, the

7   California Court of Appeal dismissed the appeal.  (LD 6.)  On October 28, 2008,

8   the California Supreme Court denied the petition for review.  (LD 8.)

9        Petitioner filed a habeas petition in the California Court of Appeal on

10  September 29, 2008 (LD 9) and a motion to amend the petition on October 8,

11  2008 (LD 10).  The petition was denied on October 23, 2008, without explanation

12  (LD 11).  On November 3, 2008, Petitioner filed a petition for review of the Court

13  of Appeal's denial of his habeas petition, which was denied on December 17,

14  2008, without explanation.  (LD 12, 13.)

15       On May 1, 2009, Petitioner filed the Petition in this court in which he raised

16  three grounds: (1, 3) ineffective assistance of counsel; and (2) prosecutorial error

17  during plea advisements.  (Petition at 5-6.)

18       On September 28, 2009, Respondent filed a motion to dismiss based on

19  failure to exhaust.  On February 24, 2010, the court found that Ground Two was

20  unexhausted.  (Dkt. No. 28 at 2-3.)  On April 20, 2010, the court denied

21  Respondent's motion to dismiss without prejudice based on the petition being

22  mixed and stated that the parties' arguments would be preserved for

23  consideration with the merits.  (Dkt. No. 32 at 1.)

24       On September 29, 2010, Respondent filed an answer.  On October 21,

25  2010, Petitioner filed a reply.

**II.**

**EXHAUSTION**

28       In the answer, Respondent renews his argument that Ground Two is

unexhausted.  (Answer at 14.)  Revisiting its earlier ruling, the court finds that Ground Two is exhausted.

In his petition for review on direct appeal, Petitioner argued the trial court erred  by failing to advise him of the gang registration requirement before he entered his plea.  (LD 7 at 6-11.)  Here, he argues the prosecutor erred by failing to make the same advisement.  (Petition at 5, Memo at 3.)  The distinction is immaterial as the prosecutor took the waivers at the direction of the trial court. (LD 22 at 903.)  After the waivers were completed and the prosecutor also took Petitioner's plea, the trial court stated:  "The court has heard the defendant questioned concerning his constitutional rights.  The court finds that the defendant has expressly, knowingly, understandingly [sic], and intelligently waived his constitutional rights. [¶] The court finds that the defendant's pleas and admissions are freely and voluntarily made with an understanding of the nature and consequences thereof and that there is a factual basis for the plea and admissions, and the court accepts the same." (*Id.* at 911.)  Therefore, the prosecutor was acting at the behest and in the presence of the trial court.  *See, e.g., In re Williams*, 83 Cal. App. 4th 936, 940, 100 Cal. Rptr. 2d 144 (2000) ("The prosecutor then proceeded to take the required waivers from petitioner and petitioner than enter a plea of guilty and admitted one prior."); *People v. Chaklader*, 24 Cal. App. 4th 407, 410-11, 29 Cal. Rptr. 2d 344 (1994) (same); *People v. Hightower*, 224 Cal. App. 3d 923, 926-27, 274 Cal. Rptr. 201 (1990) (same).  Accordingly, the California Court of Appeal opinion is the last reasoned decision under *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006).

### III.

### PROCEDURAL BAR

In *Trest v. Cain*, 522 U.S. 87, 90, 118 S. Ct. 478, 139 L. Ed.2d 444 (1997), the Supreme Court left open the question "whether, or just when, a habeas court may consider a procedural default that the State at some point has waived, or

3

1  failed to raise."  In the Ninth Circuit, a district court "has discretion to raise
2  procedural default *sua sponte* to further the interests of comity, federalism, and
3  judicial efficiency." *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).  "A
4  habeas court must give a petitioner notice of the procedural default and an
5  opportunity to respond to the argument for dismissal." *Id.*

6      **A.    Legal Standard**

7      "A federal court will not review questions of federal law decided by a state
8  court if the decision also rests upon a state law ground that is independent of the
9  federal question and adequate to support the judgment." *Melendez v. Pliler*, 288
10  F.3d 1120, 1124 (9th Cir. 2002) (citing *Coleman v. Thompson*, 501 U.S. 722,
11  729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)); *see also Walker v. Martin*,
12  131 S. Ct. 1120, 1127, 179 L. Ed. 2d 62 (2011). To be "independent," the state
13  rule must not be interwoven with federal law.  *Coleman*, 501 U.S. at 733; *see*
14  *Park v. California*, 202 F.3d 1146, 1151 (9th Cir. 2000).  The "adequacy of [the
15  state law ground] to foreclose review 'is itself a federal question.'" *Melendez*, 288
16  F.3d at 1124 (quoting *Douglas v. Alabama*, 380 U.S. 415, 422, 85 S. Ct. 1074, 13
17  L. Ed. 2d 934 (1965)).  "To be 'adequate,' the state procedural bar must be 'clear,
18  consistently applied, and well-established at the time of the petitioner's purported
19  default.'" *Id.* (citation omitted); *see also Beard v. Kindler*, 130 S. Ct. 612, 617-18,
20  175 L. Ed. 2d 417 (2009) (a "state procedural ruling is adequate [if it was] firmly
21  established and regularly followed") (citations and quotation marks omitted).

22      However, a procedural fault may be excused if a petitioner "can
23  demonstrate cause and prejudice for the procedural default" or "demonstrate that
24  failure to consider the claims will result in a fundamental miscarriage of justice."
25  *Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004);
26  *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640
27  (1991).

28  ///

1
2
3
"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original).

4
5
6
7
8
9
10
11
12
13
14
15
16
In *United States v. Faraday*, 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982), the Supreme Court articulated the standard for "actual prejudice" when a defendant seeks collateral relief "based on trial errors to which no contemporaneous objection was made." *Id.* at 167-68.  The petitioner must show "'actual prejudice' resulting from the errors of which he complains." *Id.* at 168. "[H]e must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170 (emphases in original); *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (quoting *Frady*); *see also Vansickel v. White*, 166 F.3d 953, 961 (9th Cir. 1999) ("in view of his counsel's procedural default . . . to establish prejudice Vansickel must prove that his counsel's error actually affected the outcome of the proceeding").

17
18
19
20
21
A "fundamental miscarriage of justice" means that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).

22
## B.   Plea and Sentencing

23
24
25
26
27
28
On July 6, 2007, Petitioner pled no contest and was sentenced.  (LD 22 at 901 *et seq.*)  The trial court asked the prosecutor to take the waivers.  (*Id.* at 903.) After the prosecutor completed the waivers, he asked the trial court if it "wish[ed] to inquire further." (*Id.* at 908.)  The court asked Petitioner if he had "any questions for your lawyer," and Petitioner said, "Yes." (*Id.*)  An off-the-record discussion then occurred between Petitioner and his counsel.  (*Id.*)  The trial court

1  then asked Petitioner's counsel if he was ready to proceed, and counsel said he

2  was, but another off-the-record discussion then occurred between Petitioner and

3  his counsel. (*Id.* at 909.) After the second discussion, the court asked Petitioner

4  if he was ready to proceed, and Petitioner said he was. (*Id.*) The prosecutor then

5  advised Petitioner of the consequences of future strikes. (*Id.* at 909-10.)

6      The prosecutor took Petitioner's plea. (*Id.* at 910 *et seq.*) Petitioner pled

7  no contest to possession of PCP for sale. (*Id.* at 910.) Petitioner admitted that

8  he committed the offense "for the benefit of, in connection with, or in association

9  with a criminal street gang." (*Id.*) Petitioner's counsel joined in the plea and

10  stipulated to a factual basis. (*Id.*) Petitioner admitted that he was on probation in

11  two other cases, and that as a consequence of his no contest plea, he was in

12  violation of his probation in those cases. (*Id.* at 910-11.) Counsel joined. (*Id.* at

13  911.)

14      The court accepted the plea and sentenced Petitioner. (*Id.* at 911 *et seq.*)

15  The court sentenced Petitioner to 3 years, four months in prison. (*Id.* at 912.)

16  The court stated that Petitioner was not permitted to "own, use, threaten to use,

17  possess, buy or sell any deadly or dangerous weapons." (*Id.* at 913.) The court

18  ordered petitioner to register as a controlled substance offender. (*Id.*) The court

19  ordered Petitioner to register as a gang member. (*Id.*)[1] The court ordered

20  Petitioner to provide DNA samples. (*Id.*) The court ordered Petitioner to pay

21  restitution and penalty assessments. (*Id.* at 913-14.) At completion of

22  sentencing, the court asked Petitioner if he understood the sentence, and

23  Petitioner said he did. (*Id.* at 914.)

24  ///

25

26  _____

27      [1]  Imposition of the gang registration requirement was mandated by law
based on Petitioner's admission of the gang allegation. *See* Calif. Penal Code §
186.30; *People v. Martinez*, 116 Cal. App. 4th 753, 759, 10 Cal. Rptr. 3d 751

28  (2004) ("If any of three specified conditions [in the statute] are found to exist, a
gang registration order is mandatory").

1

### C.    Analysis

2

Petitioner contends that the prosecutor violated the Fourteenth Amendment

3

by failing to advise Petitioner of the gang registration requirement.  (Petition at 5,

4

Memo at 4.)

5

The Court of Appeal concluded that Ground Two was procedurally barred.

6

(LD 6 at 4-7.)  Specifically, the court found that Petitioner had failed to obtain a

7

certificate of probable cause.  (*Id.* at 4-5 (citing Calif. Penal Code § 1237.5).)

8

Petitioner had requested a certificate from the trial court, but his request was

9

denied.  (*Id.* at 5.)

10

In addition, the court stated a second procedural reason for dismissal:

11

"Had we addressed the merits, appellant's claim would have failed nonetheless.

12

Case law is clear that appellant's failure to object to the imposition of a

13

registration requirement at sentencing waives any error in the plea advisement."

14

(*Id.* at 7 n.3 (citing *People v. McClellan*, 6 Cal. 4th 367, 376, 24 Cal. Rptr. 2d 739

15

(1993).)  In *McClellan*, the California Supreme Court held that it was error for a

16

trial court not to advise a defendant of the gang registration requirement when

17

taking a plea.  However, the court also found that "defendant waived his claim of

18

error by failing at the sentencing hearing to interpose a timely objection to the

19

registration requirement" and therefore could not withdraw his plea  *Id.* at 377.

20

Moreover, the defendant had two opportunities to object, first during a discussion

21

of the probation report before the plea, and, second, during the sentencing phase

22

"when the trial court formally imposed the registration requirement."  *Id.*

23

### 1.    Certificate of Probable Cause

24

Calif. Penal Code § 1237.5 provides:  "No appeal shall be taken by the

25

defendant from a judgment of conviction upon a plea of guilty or nolo contendere

26

. . . except where both of the following are met:  (a) The defendant has filed with

27

the trial court a written statement, executed under oath or penalty of perjury

28

showing reasonable constitutional, jurisdictional, or other grounds going to the

1  legality of the proceedings.  (b) The trial court has executed and filed a certificate

2  of probable cause for such appeal with the clerk of the court."

3      Dismissal of an appeal of a guilty plea because the defendant failed to

4  obtain a certificate of probable cause is consistently applied in California when

5  the appeal challenges the validity of the plea.[2]  *See People v. Gonzalez*, 2011 WL

6  4500864, *2 (2011) (unpublished decision)[3] ("Gonzalez is challenging the nature

7  and validity of the plea, and was required to obtain a certificate of probable

8  cause. Because Gonzalez failed to obtain one, this court has no jurisdiction to

9  consider this appeal."); *People v. De la Rosa*, 2011 WL 4500884, *2 (2011)

10  (unpublished decision) ("Clearly, he challenges the validity of his plea."); *People*

11  *v. Tatarian*, 2011 WL 4012615, *7 (2011) (unpublished decision) (same); *People*

12  *v. Tilley*, 2007 WL 4376487, *1 (2011) (unpublished decision) (same); *People v.*

13  *Mendez*, 19 Cal. 4th 1084, 1104, 81 Cal. Rptr. 2d 301 (1999) (affirming the Court

14  of Appeal's dismissal of the appeal for failure to obtain a certificate of probable

15  cause); *People v. Rivas*, 2011 WL 4012825, *1 (2011) (unpublished decision)

16  (challenge to failure to give Calif. Penal Code § 1016.5 advisements is an attack

17  on the validity of a plea and requires a certificate of probable cause); *People v.*

18  *Rutledge*, 2007 WL 446640, *1 (2011) (unpublished decision) (appeal dismissed

19  for failure to obtain a certificate of probable cause); *People v. Caravajal*, 157 Cal.

20  App. 4th 1483, 1485, 69 Cal. Rptr. 3d 270 (2007) (same); *People v. Emery*, 140

21  Cal. App. 4th 560, 565, 44 Cal. Rptr. 3d 551 (2006) (same); *see Castro v.*

22  _____

23      [2] In *People v. Johnson*, 47 Cal. 4th 668, 677 (2009), the California
   Supreme Court noted two exceptions to section 1237.5's requirement of a
24  certificate of probable cause.  "First, a defendant may appeal from a ruling
   involving a search and seizure . . . [and, second, when he] is asserting only that
25  errors occurred in the subsequent adversary hearings conducted by the trial court
   for the purpose of determining the degree of the crime and the penalty to be
26  imposed."

27      [3] District courts should look to both published and unpublished state court
   decisions "to determine whether a state procedural rule is 'clear, consistently
28  applied, and well-established.'"  *Powell v. Lambert*, 357 F.3d 871, 872 (9th Cir.
   2004) (citation omitted).

1    *McDonald*, 2010 WL 4942795, *5-8 (E.D. Cal. 2010) ("[T]his claim is procedurally

2    defaulted pursuant to the rule contained in California Penal Code § 1237.5, which

3    requires that a defendant obtain a certificate of probable cause when appealing

4    from a guilty plea."); *Quiroz v. McDonald*, 2010 WL 3293701, *1-3 (N.D. Cal.

5    2010) (same); *Francis v. Cate*, 2010 WL 1659062, *4-7 (E.D. Cal. 2010) (same);

6    *Rodriguez v. Hernandez*, 2009 WL 2525444, *4-8 (S.D. Cal. 2009) (same); *see*

7    *also Strong v. Sullivan*, 265 Fed. Appx. 489, 490 (9th Cir. 2008) (unpublished

8    memorandum) ("On direct appeal, the California Court of Appeal denied his claim

9    because he failed to comply with California Penal Code § 1237.5, an independent

10   and adequate state procedural ground.").

11                    **2.    Failure to Object**

12         Failure to object at trial is a classic example of a procedural default. *See*

13   *Paulino v. Castro*, 371 F.3d 1083, 1092-93 (9th Cir. 2004) (applying procedural

14   bar to a failure to object to a jury instruction); *Vansickel v.  White*, 166 F.3d 953,

15   957-58 (9th Cir. 1999) (applying California's contemporaneous objection rule in

16   affirming denial of a federal petition because of procedural default); *Bonin v.*

17   *Calderon*, 59 F.3d 815, 842-43 (9th Cir. 1995) (procedural bar when California

18   Supreme Court found that defendant had failed to object during trial).

19         The contemporaneous objection rule has been consistently applied by

20   California.  *See People v. Rowland*, 4 Cal. 4th 238, 262 n.2, 14 Cal. Rptr. 2d 377

21   (1992) (failure to object on constitutional grounds waives defendant's right to

22   raise the challenge on appeal); *People v. Weaver*, 26 Cal. 4th 876, 961, 111 Cal.

23   Rptr. 2d 2 (2001) ("because defense counsel did not object on this ground, the

24   question of the admissibility at the sanity phase of the two psychiatrists' testimony

25   was not properly preserved for appeal"); *People v. Collie*, 30 Cal. 3d 43, 49, 177

26   Cal. Rptr. 458 (1981) (failure to object waived evidentiary claim based on right

27   against self-incrimination); *Melendez*, 288 F.3d at 1125 (California courts have

28   consistently applied the contemporaneous objection rule "when a party has failed

1    to make *any* objection to the admission of evidence") (emphasis in original); *Rich*

2    *v. Calderon*, 187 F.3d 1064, 1070 (9th Cir. 1999) ("We may not review his six

3    other prosecutorial misconduct claims because Rich procedurally defaulted by

4    failing to make contemporaneous objections [in California]."); *People v. Boyette*,

5    29 Cal. 4th 381, 423, 127 Cal. Rptr. 2d 544 (2002) ("Because defendant did not

6    object at the time the photographs were used in questioning the witnesses, he

7    failed to preserve the issue for appeal."); *In re Michael L.*, 39 Cal. 3d 81, 87-88,

8    216 Cal. Rptr. 140 (1985) ("Objections [to the admissibility of lineup photographs]

9    not presented to the trial court cannot be raised for the first time on appeal.");

10   *People v. Feathers*, 2006 WL 2199495, *2 (2006) ("The failure to object at trial on

11   the grounds asserted on appeal resulted in a forfeiture of the right to raise for the

12   first time on appeal evidentiary objections on those grounds.") (unpublished

13   decision); *People v. King*, 2005 WL 3366966, *2 (2005) ("Defendant waived the

14   issue [of admissibility of evidence] by failing to object on those specific grounds in

15   the trial court.") (unpublished decision).

16                                                  **IV.**

17                                     **<u>ORDER</u>**

18          IT IS THEREFORE ORDERED that, on or before **December 1, 2011**,

19   Petitioner shall show cause why this court should not recommend denial of

20   Ground Two on the basis of procedural bar.

21          **If Petitioner fails to timely respond to this order to show cause, the**

22   **court will recommend that Ground Two be denied because it is**

23   **procedurally barred.**

24

25   DATED: November 1, 2011

26                                       *Alicia G. Rosenberg*

                                      _____

                                      ALICIA G. ROSENBERG

27                                    United States Magistrate Judge

28