UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESSIE SIMPSON III,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN MARSHALL,<br><br>    Respondent. | NO. CV 09-1825-MMM (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the first amended petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

    After the Magistrate Judge issued her Report and Recommendation, the Supreme Court issued its decisions in *Missouri v. Frye*, 2012 U.S. LEXIS 2321 (Mar.21, 2012), and *Lafler v. Cooper*, 2012 U.S. LEXIS 2322 (March 21, 2012). In those decisions, the Supreme Court made clear that the Sixth Amendment's right to counsel extends to the plea bargaining process, and the two-part

*Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Id.* at *12. The Court reaffirmed that "[i]n *Hill*, when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at *14.

Petitioner's objections again argue that his counsel did not advise Petitioner prior to his plea of no contest that he would have to register as a gang member.

Petitioner's objections acknowledge that, at the hearing on the motion to withdraw the plea, Petitioner stated to the court that his counsel had advised as follows prior to the plea: "My attorney said, no, they're saying that you don't have to register as a gang member, but you have to register with that gang. I said it's the same thing." (Petition, Ex. B at 4-5.) For adults, registration entails "an appearance at the police or sheriff's department, a written statement containing information required by the law enforcement agency, and submission of fingerprints and a photograph."[1] *People v. Bailey*, 101 Cal. App. 4th 238, 244, 123 Cal. Rptr. 2d 729 (2002); *see* Cal. Penal Code § 186.32. The registration requirement does not require the adult to admit membership in the gang. *See People v. Sanchez*, 105 Cal. App. 4th 1240, 1245, 130 Cal. Rptr. 2d 219 (2003) (requirement does not infringe right to remain silent).[2]

---

[1] The registration requirement is limited to five years after the last imposition of the requirement. Cal. Penal Code § 186.32(c).

[2] Petitioner's objections note that his counsel subsequently "filed a certificate of probable cause; further stating defendant was not advised prior to his plea." (Objections at 3, 7.) At the time of sentencing on July 6, 2007, the court imposed the gang registration requirement without objection and Petitioner indicated he understood his sentence. (Lodged Document ("LD") 22 at 913-14; LD 23 at 13.) In his August 2, 2007 declaration in support of the motion to withdraw the plea, counsel stated Petitioner was "mistaken" when he admitted the gang enhancement "because he is not nor was he ever a member of gang [n]or

2

1     Petitioner has not shown that the state court's decision was contrary to, or
2 an unreasonable application of, clearly established federal law. Petitioner's
3 objection is overruled.
4     Petitioner's remaining objections are without merit.
5     IT IS ORDERED that judgment be entered denying the petition and
6 dismissing this action with prejudice.

8 DATED: April 30, 2012                _/s/ Margaret M. Morrow_
9                                       MARGARET M. MORROW
                                      United States District Judge

---

has he ever actively participated in any gang activity." (LD 4.) On August 31, 2007, Petitioner filed a notice of appeal and request for probable cause in which he claimed his counsel had failed "to have a fingerprint anylisis [sic] examin[ing] the evidence since officers stated in their report, they seen me obtain the evidence without gloves of any sort and that they observed me having physical contact with such evidence." (LD 20 at 422, 427.) Nowhere did Petitioner mention the gang registration requirement. On September 17, 2007, Petitioner's request was denied by the trial court. (*Id.* at 424-26.) On September 18, 2007, Petitioner's counsel filed a notice of appeal and second request for certificate of probable cause in which he stated "Defendant was not advised prior to his plea that he would have to register as a gang member." (LD 21 at 16.) That request was denied. (*Id.*)